JOSEPH H. HUNT
Assistant Attorney General
Civil Division
NICOLA T. HANNA
United States Attorney
JAMES M. BURNHAM
Deputy Assistant Attorney General
GUSTAV W. EYLER
Acting Director
KENDRACK D. LEWIS
Trial Attorney
Consumer Protection Branch
U.S. Department of Justice
Civil Division
    P.O. Box 386
    Washington, D.C. 20044
    T: (202) 353-3881 | F: (202) 514-8742
    Email: kendrack.lewis@usdoj.gov
DAVID M. HARRIS, AUSA
Chief, Civil Division
DAVID K. BARRETT, AUSA
Chief, Civil Fraud Section
ABRAHAM C. MELTZER, AUSA
Deputy Chief, Civil Fraud Section
ROSS M. CUFF, AUSA (SBN 275093)
    Room 7516, Federal Building
    300 N. Los Angeles Street
    Los Angeles, California 90012
    T: (213) 894-7388 | F: (213) 894-7819
    Email: ross.cuff@usdoj.gov

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MUSICAL.LY, a corporation; and<br>MUSICAL.LY, INC., a corporation,<br><br>    Defendants. | Case No. <u>2:19-cv-1439</u><br><br>**COMPLAINT FOR CIVIL PENALTIES, PERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF** |

Plaintiff, the United States of America, acting upon notification and on behalf of the Federal Trade Commission ("FTC" or "Commission"), for its Complaint alleges that:

1.  Plaintiff brings this action under Sections 5(a)(1), 5(m)(1)(A), 13(b), and 16(a) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b), and 56(a), and Sections 1303(c) and 1306(d) of the Children's Online Privacy Protection Act of 1998 ("COPPA"), 15 U.S.C. §§ 6502(c) and 6505(d), to obtain monetary civil penalties, a permanent injunction, and other equitable relief for Defendants' violations of Section 5 of the FTC Act and the Commission's Children's Online Privacy Protection Rule ("Rule" or "COPPA Rule"), 16 C.F.R. Part 312.

## JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337(a), 1345, and 1355, and under 15 U.S.C. §§ 45(m)(1)(A), 53(b), 56(a), and 57b.

3.  Venue in the Central District of California is proper under 15 U.S.C. § 53(b) and 28 U.S.C. §§ 1391(b)-(c) and 1395(a).

## SECTION FIVE OF THE FTC ACT

4.  Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) prohibits unfair and deceptive acts or practices in or affecting commerce.

## THE CHILDREN'S ONLINE PRIVACY PROTECTION ACT RULE

5.  Congress enacted COPPA in 1998 to protect the safety and privacy of children online by prohibiting the unauthorized or unnecessary collection of children's personal information online by operators of Internet Web sites and online services.  COPPA directed the Commission to promulgate a rule implementing COPPA.  The Commission promulgated the COPPA Rule on November 3, 1999, under Section 1303(b) of COPPA, 15 U.S.C. § 6502(b), and Section 553 of the Administrative Procedure Act, 5 U.S.C. § 554.  The Rule went into effect on April 21, 2000.  The Commission promulgated revisions to the Rule that went into effect on July 1, 2013.  Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57(a)(d)(3), a violation of the Rule constitutes an unfair or deceptive act or practice in or

affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

6.   Among other things, the COPPA Rule applies to any operator of a commercial website or online service directed to children that collects, uses, and/or discloses personal information from children, and to any operator of a commercial website or online service that has actual knowledge that it collects, uses, and/or discloses personal information from children.  The Rule requires an operator to meet specific requirements prior to collecting online, using, or disclosing personal information from children, including but not limited to:

    a.  Posting a privacy policy on its website or online service providing clear, understandable, and complete notice of its information practices, including what information the website operator collects from children online, how it uses such information, its disclosure practices for such information, and other specific disclosures set forth in the Rule;

    b.  Providing clear, understandable, and complete notice of its information practices, including specific disclosures, directly to parents;

    c.  Obtaining verifiable parental consent prior to collecting, using, and/or disclosing personal information from children;

    d.  Deleting personal information collected from children online, at a parent's request; and

    e.  Retaining personal information collected from children online only as long as is reasonably necessary to fulfill the purpose for which the information was collected.

## DEFINITIONS

7.   For purposes of this Complaint, the terms "child," "collects," "collection," "disclosure," "Internet," "obtaining verifiable consent," "online contact information," "operator," "parent," "personal information," and "Web site or online service directed to children," are defined as those terms are defined in Section 312.2 of the COPPA Rule, 16 C.F.R. § 312.2.

## DEFENDANTS

8.   Defendant Musical.ly is a Cayman Islands corporation, with its principal place of business in Shanghai, China.  In December 2017, Musical.ly was acquired by ByteDance Ltd. Musical.ly transacts or has transacted business in this district and throughout the United States.  At all times material to this Complaint, acting alone or in concert with others, Musical.ly purposefully directed its activities to the United States by advertising, marketing, and distributing mobile applications intended for use by consumers throughout the United States.  At all times material to this Complaint, acting alone or in concert with Defendant Musical.ly, Inc., Musical.ly formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

9.   Defendant Musical.ly, Inc. is a California corporation with its principal place of business in Santa Monica, California, and is a wholly owned subsidiary of Musical.ly. Musical.ly, Inc. transacts or has transacted business in this district and throughout the United States.  At all times material to this Complaint, acting alone or in concert with others, Musical.ly, Inc. has advertised, marketed, and distributed mobile applications intended for use by consumers throughout the United States.  At all times material to this Complaint, acting alone or in concert with Defendant Musical.ly, Musical.ly, Inc. formulated, directed, controlled, had the authority to control, or participated in the acts and practices set forth in this Complaint.

10.   The Plaintiff's claims against Musical.ly and Musical.ly, Inc. arise from or relate to Defendants' acts or practices aimed at or taking place in the United States.

## COMMERCE

11.   At all times material to this Complaint, Defendants have maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

## DEFENDANTS' BUSINESS PRACTICES

12.   Since at least 2014, Defendants have operated a video social networking app

("Musical.ly App" or "App").  The App is free to download from Apple's App Store, Google Play, and the Amazon Appstore, but generates revenue for Defendants through various means, including in-app purchases.  Since 2014, over 200 million users have downloaded the App worldwide; 65 million Musical.ly accounts are registered in the United States.

13.   To register for the Musical.ly App, users provide their email address, phone number, username, first and last name, short bio, and a profile picture.  Between December 2015 and October 2016, Defendants also collected geolocation information from users of the App.

14.   Many users choose to include an age in their short bio, which is part of their Musical.ly App profiles.  Since July 2017, Defendants request age information from new users during the registration process for a Musical.ly App account, and prevent users who indicate that they are under 13 from creating accounts.  Defendants did not request age information for existing users who had already created Musical.ly accounts prior to July 2017.

15.   The Musical.ly App provides a platform for users to create videos and then synchronize them with music or audio clips from either the App's online music library or music stored on the user's device.  The App's online library has millions of song tracks, including songs from popular children's movies and songs popular among tweens and younger children.  The Musical.ly App offers simple tools to create and edit videos.  Once the video is completed, the user has the option to name the video with a title before posting and sharing the video publicly.

16.   In addition to creating and sharing videos, the App provides a platform for users to connect and interact with other users.  Users can comment on the videos of other users, and have the option to "follow" other users' accounts so that they can view more of their videos in the future.  Popular users can have millions of "fans" following their accounts.  A user's account is set to public by default, which means that a user's profile bio, username, profile picture, and videos are public and searchable by other users.  Users

have the option to set their accounts to "private" so that only approved followers can view their videos; however, users' profiles, including usernames, profile pictures and bios, remain public and searchable by other users.

17.   The App also allows users to send direct messages to communicate with other users.  These direct messages can include colorful and bright emoji characters ranging from animals, smiley faces, cars, trucks, and hearts, among many others.  By default, an App user can direct message any other user.  Indeed, there have been many public reports of adults trying to contact kids via the Musical.ly App.

18.   Until October 2016, the App had a feature where a user could tap on the "my city" tab, which provided the user with a list of other users within a 50-mile radius, and with whom the user could connect and interact with by following the user or sending direct messages.

19.   A significant percentage of Musical.ly users are children under 13, and numerous press articles between 2016 and 2018 highlight the popularity of the App among tweens and younger children.

20.   Defendants were aware that children were using the App.  As of at least October 2016, on Defendants' websites, available at www.musicallyapp.tumblr.com and www.musical.ly/en-US, Defendants have provided parents guidance about their child's use of the App.  Until April 2017, the webpage stated, for example, "If you have a young child on Musical.ly, please be sure to monitor their activity on the App."

21.   The App does not provide a function for users to close their accounts, and instead requires users to send an email to Defendants to close their accounts.  Defendants received thousands of complaints from parents that their child under 13 years old had created a Musical.ly App account without their knowledge.  For example, in the two-week period between September 15, 2016 and September 30, 2016, Defendants received more than 300 complaints from parents asking to have their child's account closed.  While Defendants closed the accounts, they did not delete the users' videos or profile information from Defendants' servers.

22.   In December 2016, a third party publicly alleged in an interview with the co-founder of Musical.ly, Inc. that seven users whose accounts were among the most popular in terms of followers appeared to be children under 13.  Shortly thereafter, Defendants then reviewed its most popular users and determined an additional 39 appeared to be under 13.  In February 2017, Defendants sent messages to these 46 users' email addresses telling users under 13 to edit their profile description to indicate that their accounts were being run by a parent or adult talent manager.  Defendants did not take any steps to ensure that the person who was responding to the request was a parent and not the child user.

23.   In December 2017, ByteDance Ltd. acquired the Defendants.  In August 2018, the Musical.ly App was merged with the TikTok app under the TikTok name.  The Defendants operate the merged app.

## DEFENDANTS ARE SUBJECT TO THE COPPA RULE

24.   The COPPA Rule applies to operators of websites and online services directed to children that collect personal information, or those with actual knowledge they have collected personal information from children under 13.  As explained further below, Defendants operate an online service directed to children because they target children as one audience, and had actual knowledge they collected personal information from children under 13.  Through the Musical.ly App, Defendants collected personal information as defined in the COPPA Rule, including first and last name; online contact information; the content of direct messages between users; photos and videos containing a child's image and voice, and, for some period of time, geolocation information.

25.   Pursuant to Section 312.2 of the COPPA Rule, the determination of whether an online service is directed to children depends on various factors, including its subject matter, visual content, music or other audio content, the presence of child celebrities or celebrities who appeal to children, and any competent and reliable empirical evidence regarding audience composition, and evidence regarding the intended audience.  A review of these factors demonstrates that the Musical.ly App is directed to children, by

targeting children as one audience.

26.    The Musical.ly App's purpose is to create short videos lip-syncing to music, and share these videos with other users, which is a child-oriented activity.  The App features music by celebrities appealing to children.

27.    The App includes song folders to help users select songs for their videos.  At various times material to this Complaint, the App has included song folders appealing to children, such as "Disney" and "school."  The Disney folder included songs related to Disney television shows and movies, such as "Can You Feel the Love Tonight" from the Disney movie "The Lion King" and "You've Got a Friend in Me" from the Disney movie "Toy Story".  The school folder contained songs covering school-related subjects or school-themed television shows or movies.  The App's simple tools make it easy for children to create and upload videos.  The App allows users to send other users colorful emojis, such as cute animals and smiley faces.  Moreover, a large percentage of Musical.ly App users are under the age of 13.  Indeed, many users self-identify as under 13 in their profile bios or provide grade or school information indicating an age under 13. Many musicians and entertainers popular with tweens, such as Katy Perry, Selena Gomez, Ariana Grande, Meghan Trainor, among many others, have Musical.ly App accounts.  The artists often encourage their fans to post and share videos of themselves dancing or lip-syncing to their new releases.

28.    Defendants also had actual knowledge they were collecting personal information from children, as described in Paragraph 22.  The youth of the user base is easily apparent in perusing users' profile pictures and in reviewing users' profiles, many of which explicitly note the child's age, birthdate, or school.  Since at least 2014, Defendants have received thousands of complaints from parents of children under the age of 13 who were registered users of Defendants' online service.  In just a two-week period in September 2016, Defendants received over 300 complaints from parents asking that their child's account be deleted.

29.    Because Defendants are operators of an online service directed to children

by targeting children as one audience, and had actual knowledge they collected personal information from children, they are subject to the COPPA Rule.

**VIOLATIONS OF THE CHILDREN'S ONLINE PRIVACY PROTECTION RULE**

30.    As described in Paragraphs 25 through 28, Defendants are "operators" subject to the COPPA Rule.

31.    In numerous instances, in connection with the acts and practices described above, Defendants collected and used personal information from children younger than age 13 in violation of the Rule by:

    a.  Failing to provide notice on their website or online service of the information they collect online from children, how they use such information, and their disclosure practices, among other required content, in violation of Section 312.4(d) of the Rule, 16 C.F.R. § 312.4(d);

    b.  Failing to provide direct notice to parents of the information they collect online from children, how they use such information, and their disclosure practices for such information, among other required content, in violation of Section 312.4(b) of the Rule, 16 C.F.R. § 312.4(b);

    c.  Failing to obtain consent from parents before any collection or use of personal information from children, in violation of Section 312.5(a)(1) of the Rule, 16 C.F.R. § 312.5(a)(1);

    d.  Failing to delete personal information collected from children at the request of parents, in violation of Section 312.6(a)(2) of the Rule, 16 C.F.R. § 312.6(a)(2);

    e.  Retaining personal information collected online from children for longer than reasonably necessary to fulfill the purpose for which the information was collected, in violation of Section 312.10 of the Rule, 16 C.F.R. § 312.10.

32.    Pursuant to Section 1303(c) of COPPA, 15 U.S.C. § 6502(c), and Section 18(d)(3) of the FTC Act, 15 U.S.C. § 57a(d)(3), a violation of the Rule constitutes an

unfair or deceptive act or practice in or affecting commerce, in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

### THE COURT'S POWER TO GRANT RELIEF

33.     Defendants violated the Rule as described above with the knowledge required by Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A).

34.     Each collection, use, or disclosure of a child's personal information in which Defendants violated the Rule in one or more of the ways described above constitutes a separate violation for which Plaintiff seeks monetary civil penalties.

35.     Section 5(m)(1)(A) of the FTC Act, 15 U.S.C. § 45(m)(1)(A), as modified by Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, the Federal Civil Penalties Inflation Adjustment Act Improvements Act of 2015, Public Law 114-74, sec. 701, 129 Stat. 599 (2015), and Section 1.98(d) of the FTC's Rules of Practice, 16 C.F.R. § 1.98(d), authorizes this Court to award monetary civil penalties of not more than $41,484 for each violation of the Rule after January 22, 2018.

36.     Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), empowers this Court to grant injunctive and such other relief as the Court may deem appropriate to halt and redress violations of any provision of law enforced by the FTC.  The Court, in the exercise of its equitable jurisdiction, may award ancillary relief to prevent and remedy any violation of any provision of law enforced by the FTC.

### PRAYER FOR RELIEF

Wherefore, Plaintiff, the United States of America, pursuant to §§ 5(a)(1), 5(m)(1)(A), 13(b) and 16(a) of the FTC Act, 15 U.S.C. §§ 45(a)(1), 45(m)(1)(A), 53(b) and 56(a), and the Court's own equitable powers, requests that the Court:

    A.  Enter a permanent injunction to prevent future violations of the COPPA Rule by Defendants;

    B.  Award Plaintiff monetary civil penalties from Defendants for each violation of the Rule alleged in this Complaint; and

//

1      C. Award such other and additional relief as the Court may determine to be just

2           and proper.

3

4    Dated:  February 27, 2019                Respectfully Submitted

5
                                             FOR THE UNTIED STATES OF AMERICA:
6
                                             JOSEPH H. HUNT
7                                            Assistant Attorney General
                                             NICOLA T. HANNA
8                                            United States Attorney

9                                            JAMES M. BURNHAM
                                             Deputy Assistant Attorney General
10                                           GUSTAV W. EYLER
                                             Acting Director
11                                           Consumer Protection Branch
                                             U.S. Department of Justice, Civil Division
12
                                             DAVID M. HARRIS, AUSA
13                                           Chief, Civil Division
                                             DAVID K. BARRETT, AUSA
14                                           Chief, Civil Fraud Section
                                             ABRAHAM C. MELTZER, AUSA
15                                           Deputy Chief, Civil Fraud Section
                                             ROSS M. CUFF, AUSA
16
                                             _____
17                                                    /S/
                                             KENDRACK D. LEWIS
18                                           Trial Attorney
                                             Consumer Protection Branch
19                                           U.S. Department of Justice, Civil Division

20                                           FOR THE FEDERAL TRADE COMMISSION:

21                                           MANEESHA MITHAL
                                             Associate Director
22                                           MARK EICHORN
                                             Assistant Director
23
                                             _____
24                                                    /S/
                                             KRISTIN K. COHEN
25                                           PEDER MAGEE
                                             ALLISON M. LEFRAK
26                                           Attorneys
                                             Division of Privacy and Identity Protection
27                                           Federal Trade Commission

28                                           *Attorneys for Plaintiff*

                                             11